# KING & SPALDING

King & Spalding LLP
1185 Avenue of the Americas, 34th Floor
New York, NY 10036-2601
Tel: (212) 556-2100
Fax: (212) 556-2222
www.kslaw.com

Alvin Lee
alvin.lee@kslaw.com

January 8, 2025

**VIA ECF and Email**

The Honorable Katherine Polk Failla
United States District Court for the Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007
Failla_NYSDChambers@nysd.uscourts.gov

Re: *Mahoney v. Deloitte Consulting LLP*, No. 1:24-cv-09575-KPF

Dear Judge Failla:

Pursuant to this Court's Individual Rules of Practice in Civil Cases, Defendant Deloitte Consulting LLP ("Deloitte"), with the consent of Plaintiff, respectfully moves for an extension of its deadline to file an answer or otherwise respond to Plaintiff's Complaint (Dkt. 1). In support of its motion, Deloitte states as follows:

1. On December 15, 2024, Plaintiff filed her Complaint asserting claims for negligence, breach of implied contract, unjust enrichment, and declaratory judgment. Plaintiff's claims arise from a data security incident involving Rhode Island's social services platform known as RIBridges (the "Security Incident"). *See* Dkt. 1 ¶ 2-3. She asserts claims on behalf of herself and a putative nationwide class. *See* Dkt. 1 ¶¶ 128-193.

2. On December 19, 2024, Plaintiff served Deloitte with the Complaint. *See* Dkt. 6.

3. Accordingly, Deloitte's current deadline to respond to the Complaint is January 9, 2025. *See* Fed. R. Civ. P. 12 (a)(1)(A).

4. No prior extensions of time to respond have been requested, and the extension will not affect any other deadlines in this case, as none have yet been established.

5. This is one of seven putative class actions filed between December 15, 2024, and January 7, 2024, across the Southern District of New York and the District of Rhode Island regarding the Security Incident. The others are as follows: *Grundy v. Deloitte Consulting LLC*, No. 1:24-cv-09709 (S.D.N.Y.); *Lucchetti v. Deloitte Consulting LLP*, No. 1:24-cv-

1

00527 (D.R.I.); *Marchand v. Deloitte Consulting LLP*, No. 1:24-cv-00554 (D.R.I); *Pannozzi v. Deloitte Consulting LLP*, No. 1:24-cv-00524 (D.R.I); *Taraborelli v. Deloitte Consulting LLP*, No. 1:24-cv-00526 (D.R.I); *Morales v. Deloitte Consulting LLP*; No. 1:25-cv-00010 (D.R.I.).

6. Given the nature of the claims and allegations contained in Plaintiff's Complaint, good cause exists for the extension as Deloitte requires additional time to investigate the factual allegations and prepare a response to the Complaint and to investigate mechanisms for transferring and consolidating the various putative class actions arising from the Security Incident.

7. All counsel involved in the Security Incident-related cases have consented to the extension of Deloitte's deadline to respond to the various complaints to Friday, February 28, 2025.

8. This extension is requested in good faith, will not materially delay this action, and will enhance efficiency by permitting Deloitte to investigate the claims made in the Complaint and respond to the Complaint at the same time.

This is the first request for extension of this deadline and the adversary consents. For the foregoing reasons, Deloitte respectfully requests that the Court issue an Order extending Deloitte's deadline to answer or otherwise respond to the Complaint to Friday, February 28, 2025.

Respectfully submitted this 8th day of January, 2025.

*/s/ Alvin Lee*
Alvin Lee

cc:  All Counsel of Record (via ECF)